UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE DINGLE,<br><br>                Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 15-CV-00791-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiff Bruce Dingle ("Plaintiff") appeals pro se from the Commissioner of Social Security's ("Commissioner") final decision awarding divorced spouse's benefits to Plaintiff starting in June 2010. Plaintiff contends that benefits should have started in March 2010 instead of June 2010. Before the Court are the parties' cross motions for summary judgment. *See* ECF No. 21 ("Pl. MSJ"); ECF No. 22 ("Def. MSJ"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for summary judgment and GRANTS the Commissioner's motion for summary judgment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Plaintiff's ex-wife divorced on December 30, 2009. Admin. R. ("AR") 30.

1

In February or March 2010, Plaintiff's ex-wife filed an application for Social Security benefits. *Id.* 45-46, 53, 55. Although Plaintiff's ex-wife could have started receiving benefits at that time, Plaintiff's ex-wife elected to begin receiving benefits in June 2010, when Plaintiff's ex-wife reached full retirement age. *Id.* 45-46. In July or August 2010, Plaintiff applied for benefits as a divorced spouse. *Id.* 19-20, 66. On September 9, 2010, Plaintiff received a Notice of Award entitling Plaintiff to divorced spouse's benefits from June 2010, when Plaintiff's ex-wife elected to receive benefits. *Id.* 23-25.

On November 10, 2010, Plaintiff requested reconsideration on the basis that Plaintiff's effective benefits date should be March 2010, when Plaintiff reached full retirement age and when Plaintiff's ex-wife applied for benefits. *Id.* 27-28. Upon reconsideration, the Social Security Administration affirmed the June 2010 date for Plaintiff's benefits. *Id.* 29-31. On July 23, 2012, Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"). *Id.* 32-34. On May 15, 2013, after a hearing at which Plaintiff testified, the ALJ affirmed the June 2010 date. *Id.* 12-13, 61. The Appeals Council denied Plaintiff's request for review on December 19, 2014. *See id.* 56-60 (Plaintiff's request for review); 3-5 (Appeals Council's denial). Thus, the ALJ's decision is the final decision of the Commissioner.

Plaintiff filed the instant action on February 20, 2015. ECF No. 1. Plaintiff moved for summary judgment on August 17, 2015. ECF No. 21. On September 14, 2015, the Commissioner opposed Plaintiff's motion and filed the Commissioner's motion for summary judgment. ECF No. 22. Plaintiff filed a reply on September 28, 2015, ECF No. 23, and a corrected reply on October 31, 2015, ECF No. 24 ("Pl. Reply").[1] On February 7, 2016, Plaintiff filed a supplemental brief informing the Court of recent legislative activity, ECF No. 26, and a revised proposed order clarifying the relief requested, ECF No. 27.

---

[1] The Commissioner has not objected to or moved to strike Plaintiff's corrected reply. Accordingly, the Court considers Plaintiff's corrected reply, not the initial reply.

2
Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## II.     LEGAL STANDARD

### A. Standard of Review

This Court has the authority to review the Commissioner's decision to deny benefits. 42 U.S.C. § 405(g). The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258. Additionally, the court defers to the Commissioner's interpretation of the Social Security Act "unless it is unreasonable." *Das v. Soc. Sec. Admin.*, No. 97-15979, 1998 WL 22064, at *1 (9th Cir. 1998).

### B. Standard for Divorced Spouse's Benefits

The divorced spouse of an insured person may receive divorced spouse's benefits in two circumstances. First, if the insured former spouse is "entitled to old-age . . . benefits," the divorced spouse qualifies for divorced spouse's benefits if the divorced spouse: (1) applies for benefits; (2) is not married; (3) is not entitled to retirement benefits based on a primary insurance amount that is equal to or larger than the divorced spouse's benefit; (4) is age 62 or older; and (5) was married to the insured former spouse for at least ten years immediately before the divorce became final. 20 C.F.R. § 404.331; *see also* 42 U.S.C. § 402(b), (c). Second, if the insured former spouse is not yet entitled to benefits, the divorced spouse may be independently entitled to benefits. The independently entitled divorced spouse may receive benefits if the preceding five conditions are met and (1) the insured former spouse is age 62 or older, and (2) the divorce has been final for at least two years. 20 C.F.R. § 404.331; *see also* 42 U.S.C. § 402(b)(4)(A), (c)(4)(A).

3

Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## III. DISCUSSION

The ALJ determined that Plaintiff's entitlement to benefits began in June 2010. AR at 11, 13. First, the ALJ found that Plaintiff did not qualify for independently entitled divorced spouse's benefits because Plaintiff had not been divorced for at least two years. *Id.* at 12. Thus, Plaintiff became entitled to benefits only once Plaintiff's ex-wife was entitled to benefits. Second, the ALJ noted that Plaintiff's ex-wife "chose her entitlement date to start in June of 2010, which is entirely within her own purveyor [sic] to choose a specific month of entitlement." *Id.* at 13. Accordingly, the ALJ concluded that Plaintiff's entitlement to benefits also began in June 2010. *Id.*

In the instant appeal, Plaintiff concedes that Plaintiff does not qualify for benefits as an independently entitled divorced spouse. *See* Pl. MSJ at 2. Thus, the parties agree that Plaintiff qualifies for benefits as the dependent divorced spouse of Plaintiff's ex-wife, "an insured person who is entitled to old-age . . . benefits." *See* 20 C.F.R. § 404.331. The parties also agree that Plaintiff became entitled to benefits once Plaintiff's ex-wife became "entitled" to benefits. However, Plaintiff contends that the ALJ applied the wrong legal standard to determine when Plaintiff's ex-wife became entitled to benefits. Specifically, Plaintiff argues that Plaintiff's ex-wife became entitled to benefits upon filing an application in March 2010. By contrast, the Commissioner contends that Plaintiff's ex-wife became entitled to benefits in June 2010, when Plaintiff's ex-wife's application elected to begin receiving benefits.

The Court first identifies the statutory and regulatory requirements for entitlement, and then discusses the parties' arguments in more depth. Again, Plaintiff is entitled to benefits as the divorced spouse of "an insured person who is entitled to old-age . . . benefits." 20 C.F.R. § 404.331. A number of statutory and regulatory provisions define entitlement. First, the Social Security Act and associated regulations provide three requirements for entitlement to old-age benefits: (1) attainment of age 62; (2) achievement of fully insured status; and (3) application for benefits. 42 U.S.C. § 402(a); 20 C.F.R. § 404.310. Second, 20 C.F.R. § 404.303 defines "entitled" to mean "a person has applied and has proven his or her right to benefits for a period of time." 20 C.F.R. § 404.303. Third, 20 C.F.R. § 404.311 is titled: "When does my entitlement to

4

Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

old-age benefits begin and end?" 20 C.F.R. § 404.311.  This regulation states that, for an individual who has reached the age of 62 but has not yet reached full retirement age, entitlement begins "the first month covered by your application throughout which you meet all requirements for entitlement."  *Id.*

Lastly, the Program Operations Manual System ("POMS"), an internal Social Security Administration guidance document, explains that the month of entitlement is "the month a claimant becomes entitled to benefits."  *See* SSA POMS GN 00204.040.  An individual applying for benefits may select the month of entitlement to be the month of the individual's application, a month in the past, or a month in the future.  *See id.*; *see also* 42 U.S.C. § 402(j) (providing for retroactive benefits, subject to certain conditions); 20 C.F.R. § 404.621.  Although the POMS "does not impose judicially enforceable duties on . . . this court," the POMS may be "entitled to respect" to the extent that the POMS provides a persuasive interpretation of a Social Security regulation.  *Lockwood v. Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

Examining these legal provisions, the parties specifically dispute two issues: (1) the meaning of "entitled" or "entitlement"; and (2) the meaning of "first month covered by your application."  According to Plaintiff, a person is entitled to benefits once the three requirements for entitlement in 20 C.F.R. § 404.310 are met.  Thus, Plaintiff argues that Plaintiff's ex-wife became entitled in March 2010, when Plaintiff's ex-wife was at least 62, fully insured, and applied for benefits.  That Plaintiff's ex-wife chose June 2010 to begin receiving benefits, Plaintiff says, did not change Plaintiff's ex-wife's status as "entitled."  Rather, selecting a month of entitlement different from the month of the application for benefits simply changed the date upon which Plaintiff's ex-wife began to receive benefits.  Additionally, Plaintiff argues that, under 20 C.F.R. § 404.311, "the first month covered by [Plaintiff's ex-wife's] application" is March 2010, the month of the filing of the application.

The Commissioner counters that Plaintiff's ex-wife became entitled to benefits once Plaintiff's ex-wife met the three requirements for entitlement under 20 C.F.R. § 404.310 (at least

5

Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

62 years old, fully insured, and has applied for benefits) *and* the period of entitlement began under 20 C.F.R. § 404.311 (which is the first month covered by the application throughout which the applicant meets the three requirements for entitlement). Def. MSJ at 3. The Commissioner contends that, under § 404.311, the "first month covered by [Plaintiff's ex-wife's] application" is June 2010, the month listed in Plaintiff's ex-wife's application as the month of entitlement. *Id.* Accordingly, the Commissioner claims that Plaintiff's ex-wife became entitled to benefits in June 2010, the first month covered by Plaintiff's ex-wife's application throughout which Plaintiff's ex-wife met the three requirements for entitlement.

The Court must give an agency's interpretation of its own regulations "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008). Thus, "[w]hen the meaning of regulatory language is ambiguous, the agency's interpretation controls so long as it is reasonable." *Id.* (internal quotation marks omitted). For the following reasons, the Court finds that the Commissioner's interpretation is not unreasonable. Accordingly, the Court gives the Commissioner's interpretation "controlling weight." *See id.*

First, the Commissioner's interpretation of "entitled" and "entitlement" is not "plainly erroneous." *Id.* While there may be more than one way to interpret "entitled," the Commissioner contends that an insured person is "entitled" when two conditions are met: (1) the individual meets the three requirements for entitlement of § 404.310, and (2) the entitlement begins under § 404.311. Def. MSJ at 3. The Commissioner's interpretation does not conflict with the plain language of either regulation. *See* 20 C.F.R. §§ 404.310-404.311. Rather, the Commissioner harmonizes § 404.310 and § 404.311 by defining entitlement as starting in a particular month throughout which the individual meets the requirements for entitlement.

Plaintiff's interpretation, by contrast, creates "two months in which entitlement is said to begin": (1) the month in which an individual meets the three requirements of entitlement under § 404.310, and (2) the month in which an individual's entitlement begins under § 404.311. *See*

6

Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Reply at 3. Plaintiff's interpretation violates the canon of statutory construction that "words should be construed consistently throughout an entire statute." *United States v. Rich*, 603 F.3d 722, 729 (9th Cir. 2010). Additionally, such an interpretation would create two meanings of "entitled" or "entitlement" not only for divorced spouse's benefits, but also for other benefits provided for in the Social Security Act. *See, e.g.*, 42 U.S.C. § 402 (explaining when an individual is "entitled" to old age benefits, spouse's benefits, widow's or widower's benefits, parent's benefits, and child's benefits); 42 U.S.C. § 426 ("Entitlement to hospital insurance benefits"). Although Plaintiff acknowledges that defining entitlement in two different ways is a "peculiar situation," *see* Reply at 3, Plaintiff points to no authority that compels this interpretation.

For example, the Court is not persuaded by Plaintiff's reliance on the strategy known as "file and suspend." File and suspend allows an individual who has reached full retirement age, but is not yet 70, to file an application, set the month of entitlement, and voluntarily request that benefits be suspended during entitlement in order to receive credits towards a larger retirement benefit in the future. *See* 42 U.S.C. § 402(z); 20 C.F.R. § 404.313(a). Plaintiff's ex-wife did not file and suspend.[2] However, Plaintiff asserts that file and suspend demonstrates that an insured spouse need not receive benefits in order to be entitled to benefits. Therefore, Plaintiff argues, Plaintiff's ex-wife was entitled to benefits in March 2010, even though Plaintiff's ex-wife did not receive benefits until June 2010. However, the Commissioner does not claim that Plaintiff's entitlement is contingent upon benefits actually being paid to Plaintiff's ex-wife. Instead, the Commissioner argues that Plaintiff's entitlement is contingent upon Plaintiff's ex-wife's entitlement, which began in the first month covered by Plaintiff's ex-wife's application throughout which Plaintiff's ex-wife meets the requirements for entitlement. Def. MSJ at 4-5. That other individuals may file and suspend, or become entitled without receiving benefits, does not

---

[2] Plaintiff does not dispute that Plaintiff's ex-wife did not apply in March 2010 and suspend benefits until June 2010. Rather, Plaintiff's ex-wife selected June 2010 as the first month of entitlement. In fact, Plaintiff's ex-wife could not have suspended her benefits until after June 2010, when Plaintiff's ex-wife reached full retirement age. See SSA POMS GN 02409.110 (noting that an individual may apply for file and suspend after reaching full retirement age).

7
Case No. 15-CV-00791-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  undermine the Commissioner's interpretation of entitlement here.

2  Nor has the Court found controlling authority that compels Plaintiff's interpretation of entitlement over the Commissioner's interpretation. In *Das v. Social Security Administration*—cited by neither party—the Ninth Circuit found that a claimant is entitled to benefits when the claimant meets the three requirements of 20 C.F.R. § 404.310. *See* No. 97-15979, 1998 WL 22064 (9th Cir. 1998). However, the claimant in *Das* applied directly for old-age benefits, and apparently chose to receive benefits starting in the month of the application. Thus, the Ninth Circuit did not need to address when a former spouse is entitled to benefits such that a divorced spouse is also entitled to benefits. Nor did the Ninth Circuit need to address the interaction of 20 C.F.R. § 404.310 with 20 C.F.R. § 404.311. Accordingly, the Court finds that neither controlling authority nor the language of the regulations compels the Court to adopt Plaintiff's view of entitlement. Because the Commissioner's interpretation of entitlement is not unreasonable, the Commissioner's interpretation controls. *See Miller*, 536 F.3d at 1028 ("[W]e must defer to the [agency's] interpretation unless an 'alternative reading is compelled by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's promulgation.'" (second and third brackets in original)).

Further, the Commissioner's interpretation is bolstered by Congress's creation of the independently entitled divorced spouse. A divorced spouse is entitled to benefits independently of the former spouse's entitlement to benefits when the spouses have been divorced for at least two years. *See* 42 U.S.C. § 402(b)(4)(A), (c)(4)(A). Thus, an independently entitled divorced spouse may receive benefits when the former spouse has not applied for benefits. *See* John A. Svahn and Mary Ross, *Social Security Amendments of 1983: Legislative History and Summary of Provisions*, Social Security Bulletin, July 1983, at 27 ("Under prior law, a divorced spouse could not qualify for dependent's benefits based on the earnings of a former spouse until the former spouse had filed an application for benefits."). By contrast, if a divorced spouse has been divorced for less than two years—like Plaintiff here—then the divorced spouse's benefits are contingent upon the former

spouse. *See* 42 U.S.C. § 402(b)(4)(A), (c)(4)(A); *cf. Maloney v. Soc. Sec. Admin.*, No. 02-CV-1725(JFB)(SMG), 2006 WL 1720399, at *9 n.14 (E.D.N.Y. June 19, 2006) (noting that spouse's benefits are contingent upon the insured spouse's retirement benefits), *aff'd* 517 F.3d 70 (2d Cir. 2008). It is not for this Court to decouple Plaintiff's entitlement to benefits from Plaintiff's ex-wife's entitlement, when Congress and the Commissioner have done so only for divorced spouses who have been divorced at least two years.

Second, the Court finds that the Commissioner's interpretation of "the first month covered by [Plaintiff's ex-wife's] application" is not unreasonable. The Commissioner asserts that "the first month covered" is the month in which Plaintiff's ex-wife's application selected entitlement to begin. Def. MSJ at 3. While Plaintiff argues that the first month covered by an application should be the month that an application is filed, this reading is not "compelled by the regulation's plain language." *Miller*, 536 F.3d at 1028. Indeed, when an individual requests retroactive benefits, the first month covered by the application must be earlier than the month of the application. *See* 42 U.S.C. § 402(j) (providing for retroactive benefits); 20 C.F.R. § 404.621. Plaintiff acknowledges as much. *See* Reply at 3 (arguing that the period of time covered by a non-retroactive application is the date of the application).

As noted above, the ALJ found that Plaintiff's entitlement began in June 2010. In making this determination, the ALJ did not apply improper legal standards. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (noting this Court's standard of review for ALJ's decision). Rather, it was not unreasonable to conclude that Plaintiff's ex-wife became entitled to benefits in the first month covered by her application throughout which Plaintiff's ex-wife met all requirements for entitlement, which was June 2010. The Court AFFIRMS the decision of the ALJ.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED, and the Commissioner's motion for summary judgment is GRANTED. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: February 9, 2016

_____
LUCY H. KOH
United States District Judge